Opinión disidente del Tribunal emitida por el
Juez Asociado Señor Estrella Martínez.
I
Los casos de epígrafe surgen como consecuencia de una serie de querellas presentadas por los exempleados de M. Cuebas, Inc. (M. Cuebas). Cada una de estas querellas está fundamentada en una alegada causa de acción por despido injustificado contra M. Cuebas y Bohío International Corporation (Bohío). Los querellantes sostuvieron que entre las corporaciones ocurrió la compraventa de un negocio en marcha y que aplica la doctrina de patrono sucesor.
Por su parte, M. Cuebas y Bohío sostienen que el despido de los querellantes estuvo justificado, ya que respondió al cierre total de operaciones de M. Cuebas. Así, aducen que Bohío sólo adquirió ciertos activos de M. Cuebas y sostienen que del contrato de compraventa surge expresamente que se pactó que Bohío no sería una corporación sucesora de M. Cuebas. Ante tal contención, M. Cuebas y Bohío solicitaron la disposición de las demandas mediante sentencia sumaria.
A la solicitud de sentencia sumaria se opusieron los querellantes. En síntesis, argüyeron que Bohío se convirtió en un patrono sucesor de M. Cuebas. Igualmente, adujeron que las expresiones de los querellados no son concluyentes y no están fundamentadas en prueba. Indicaron que Bohío utiliza la maquinaria adquirida para la producción de las marcas y productos comprados a M. Cuebas.
*132 Evaluadas las posturas de las partes, los tribunales de primera instancia que emitieron las respectivas sentencias sumarias, procedieron a desestimar en su totalidad y con perjuicio la reclamación de los querellantes contra M. Cuebas y Bohío. En sus dictámenes, los foros primarios entendieron que los documentos presentados demostraron que no se configuró un traspaso de negocio en marcha. Al así hacerlo, consideraron que M. Cuebas descontinuó de forma absoluta sus operaciones, no hubo continuidad de éstas; y que Bohío no usa el mismo local ni retuvo equipo ni personal,(1) por lo que no se configuró la adquisición de un negocio en marcha y el despido estuvo justificado. Los Tribunales de Primera Instancia destacan que Bohío sólo adquirió ciertas marcas, contaba con su propia planta, maquinaria, empleados y línea de producción, ya que se dedica a la elaboración y venta de los mismos productos que elaboraba M. Cuebas. Asimismo, determinaron que los querellantes se limitaron a emitir meras alegaciones conclusivas sin apoyo documental que controvirtiera la prueba presentada por M. Cuebas y Bohío.
Inconformes con tales determinaciones, los querellantes presentaron sendos recursos ante el Tribunal de Apelaciones.(2) En sus recursos señalaron que el Tribunal de Primera Instancia erró al desestimar sumariamente su causa de acción.
En cuanto a los recursos de los querellantes, Sres. Carlos Meléndez González, Héctor Ocasio Marrero, Roberto *133 Caraballo Aquino y la Sra. Rosalina Méndez Rodríguez,(3) el Tribunal de Apelaciones los consolidó y, mediante Sentencia de 21 de marzo de 2013, revocó las sentencias emitidas por los Tribunales de Primera Instancia y ordenó la continuación de los procedimientos.
El foro apelativo intermedio recalcó que existen “casos que por la naturaleza de la controversia se hace difícil obtener la verdad de todos los hechos pertinentes a través de declaraciones juradas o deposiciones, donde hay elementos subjetivos de intención, propósitos mentales o negligencia o cuando el factor [dé\ credibilidad sea esencial”, y que “[l]a razón para ello en este tipo de casos es que resulta sumamente difícil que el tribunal pueda reunir ante sí toda la verdad de los hechos a través de documentos”. (Enfasis suplido).(4) A su vez, procedió a analizar la doctrina de patrono sucesor, y su jurisprudencia aplicable, con atención a que la responsabilidad se determina caso a caso, de acuerdo con los hechos particulares que se presenten. Como corolario, entendió que ante el reclamo de los querellantes, “resulta sumamente difícil que el tribunal pueda reunir ante sí toda la verdad de los hechos a través de documentos” e, incluso, expresó que se requería que el Tribunal de Primera Instancia “haga un análisis ponderado y exhaustivo de la realidad fáctica en ellos envuelta, a la luz de la normativa laboral vigente, particularmente, en torno a si en efecto se trató de un cierre de las operaciones de la querellada M. Cuebas y si le es de aplicación o no, la doctrina de patrono sucesor”. (Enfasis suplido).(5)
Del mismo modo, otro panel del Tribunal de Apelaciones atendió los recursos presentados por los querellantes, Sres. *134 Víctor Roldán Flores y Ángel L. Soto Ambert.(6) El Tribunal de Apelaciones los consolidó y mediante Sentencia de 19 de abril de 2013, también revocó las sentencias emitidas por los foros primarios y ordenó la continuación de los procedimientos.
En cuanto a los casos de los señores Roldán Flores y Soto Ambert, el foro intermedio destacó que no procede dictar sentencia sumaria en “casos donde hay controversia sobre elementos subjetivos y de intención, así como propósitos mentales, siempre que éstos sean materiales para la decisión, o donde el factor de credibilidad juega un papel esencial, sino el decisivo, para llegar a la verdad y el litigante depende en gran medida de lo que extraiga del contrario en el curso del juicio”. (Enfasis suplido).(7) De igual forma, el Tribunal de Apelaciones señaló que los querellados impugnaron la declaración jurada presentada por M. Cuebas por entender que existen planteamientos en la misma que están basados en prueba de referencia y, además, en prueba que no fue descubierta. Igualmente, el mencionado foro destacó que los querellantes sostuvieron que la venta de activos de M. Cuebas a Bohío realmente constituyó la venta de toda la producción y productos, así como la maquinaria para la elaboración de los mismos, y que Bohío está utilizando la maquinaria que le compró a M. Cuebas para la producción de las marcas que le compraron. También, indicaron que la premisa de que la compraventa se configuró para cerrar totalmente las operaciones de M. Cuebas “es una determinación en la que están contenidos unos elementos de intención”. Apéndice 2 de la Apelación AC-2013-70, pág. 18. Ante ello, el Tribunal de Apelaciones entendió que tanto de la oposición presentada por los querellantes como de las determinaciones de los foros primarios surgían controversias de hechos esenciales sobre ele *135 mentos de intención que ameritaban ser dirimidos en una vista en su fondo, por lo que existía una controversia genuina sobre los “elementos de intención que no debieron haberse adjudicado por la vía sumaria”, ya que “[a] base de meros documentos, el TPI no podía determinar y concluir como lo hizo” y requerían que el “caso se someta a los rigores de un juicio en su fondo que, a fin de cuentas, es el mejor mecanismo para descubrir la verdad”. (Enfasis suplido).(8)
En desacuerdo con tales decisiones, M. Cuebas y Bohío acudieron a este Tribunal para impugnar las sentencias emitidas por el Tribunal de Apelaciones. En resumen, sostuvieron que erró el foro intermedio al revocar a los Tribunales de Primera Instancia por entender que la prueba es suficiente para concluir que no aplica la doctrina de traspaso de negocio en marcha ni la de patrono sucesor, así como tampoco existe un elemento de intención que adjudicar. Los recursos fueron acogidos como apelaciones y consolidados mediante Resolución emitida por este Tribunal el 25 de octubre de 2013.
II
Sabido es que la sentencia sumaria es un mecanismo procesal que permite dictar sentencia sobre la totalidad de una reclamación o controversia sin la necesidad de celebrar vista en su fondo. Regla 36 de Procedimiento Civil de 2009 (32 LPRA Ap. V); Reyes Sánchez v. Eaton Electrical, 189 DPR 586, 594-595 (2013); Córdova Dexter v. Sucn. Ferraiuoli, 182 DPR 541, 556 (2011). Ésta procede cuando de los documentos que acompañan la solicitud y los que obran en el expediente no surge controversia real y sustancial sobre hecho material alguno, y únicamente resta aplicar el derecho. R. Hernández Colón, Derecho procesal civil, 5ta ed., San Juan, Ed. LexisNexis, 2010, See. 2612, pág. 274; *136 Oriental Bank v. Perapi et al., 192 DPR 7 (2014); S.L.G. Szendrey-Ramos v. Consejo Titulares, 184 DPR 133, 167-168 (2011); Nissen Holland v. Genthaller, 172 DPR 503, 511 (2007).
Así, quien solicita la sentencia sumaria debe establecer con claridad el derecho que se posee y demostrar que “no existe controversia sustancial sobre algún hecho material, o sea, sobre ningún componente de la causa de acción”. Mun. de Añasco v. ASES et al., 188 DPR 307, 326 (2013). Véanse: Nieves Díaz v. González Massas, 178 DPR 820, 848 (2010); Ramos Pérez v. Univisión, 178 DPR 200, 212-213 (2010); González Aristud v. Hosp. Pavía, 168 DPR 127 (2006); J.A. Cuevas Segarra, Tratado de derecho procesal civil, 2da ed., San Juan, Pubs. JTS, 2011, T. III, pág. 1041. Un hecho material es aquel que puede afectar el resultado de una reclamación conforme al derecho aplicable. Mun. de Añasco v. ASES et al., supra, págs. 326-327; S.L.G. Szendrey-Ramos v. Consejo Titulares, supra, pág. 167; Cuevas Segarra, op. cit.
Por otro lado, la parte que se opone a la moción de sentencia sumaria no debe limitarse a descansar en sus alegaciones. Esta se encuentra llamada a detallar aquellos hechos que entiende se encuentran en controversia y controvertir la prueba presentada por el peticionario. Cuevas Segarra, op. cit., pág. 1041. A esos efectos, la Regla 36.3(b)(2)-(4) de Procedimiento Civil de 2009 (32 LPRAAp. V), dispone expresamente cómo se debe contestar a una moción de sentencia sumaria y lo que ésta debe contener al exponer lo siguiente:
(2) una relación concisa y organizada, con una referencia a los párrafos enumerados por la parte promovente, de los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen los mismos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal;
(3) una enumeración de los hechos que no están en contro *137 versia, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen los mismos, así como de cualquier otro documento admisible en evidencia que se encuentre en el ex-pediente del tribunal, y
(4) las razones por las cuales no debe ser dictada la sentencia, argumentando el derecho aplicable.
Interpretando esta regla, en SLG Zapata-Rivera v. J.F. Montalvo, 189 DPR 414 (2013), una Mayoría de este Tribunal determinó que la parte que se opone a una moción de sentencia sumaria está obligada a examinar cada uno de los hechos plasmados en la solicitud de sentencia sumaria, identificar aquellos en los que estima existe controversia y fundamentar en evidencia admisible su contención. Ello, arraigado en la noción de que las partes conocen de primera mano sus respectivas posiciones y la evidencia disponible en el caso. Como expusimos en aquella ocasión, entendemos que la regla no dispone la automaticidad que interpretó la Mayoría de este Tribunal. Específicamente, señalamos que la Regla 36.3 dispone que "podrán considerarse admitidas” aquellas alegaciones que no fueron controvertidas. SLG Zapata-Rivera v. J.F. Montalvo, supra, pág. 476, opinión disidente del Juez Estrella Martínez. Por lo que, a menos que las alegaciones contenidas en la moción de sentencia sumaria queden debidamente controvertidas, éstas podrían ser admitidas y, de proceder en derecho su reclamo, podría dictarse sentencia sumaria a favor de quien promueve. Reglas 36.3(c) y 36.3(d) de Procedimiento Civil de 2009 (32 LPRA Ap. V). Ello, pues incluso la falta de oposición no conlleva la concesión automática de la solicitud de sentencia sumaria presentada si existe una controversia legítima sobre un hecho material.(9) Ramos Pérez v. Univisión, supra, págs. 215- *138 216. Véase, además, Córdova Dexter v. Sucn. Ferraiuoli, supra, pág. 556.
Al atender la solicitud de sentencia sumaria, los tribunales deben siempre: (1) analizar todos los documentos incluidos en las mociones y aquellos que obren en el expediente del tribunal, y (2) determinar si la parte opositora controvirtió algún hecho material y esencial, o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos. Torres Pagán et al. v. Mun. de Ponce, 191 DPR 583 (2014). De haber alguna duda acerca de la existencia de una controversia sobre los hechos medulares y sustanciales del caso deberá resolverse contra la parte que solicita la moción, haciendo necesaria la celebración de un juicio. Esta determinación debe ser guiada por el principio de liberalidad a favor de la parte que se opone a que proceda la sentencia sumaria. Ramos Pérez v. Univisión, supra, págs. 216-217; Hernández Colón, op. cit., pág. 277; Cuevas Segarra, op. cit., pág. 1040.
Ahora bien, este Tribunal siempre ha reconocido que existen circunstancias y litigios en los cuales el mecanismo de sentencia sumaria no es apropiado para disponer de las controversias. Existen situaciones en las que los documentos o declaraciones juradas presentadas no son suficientes para que los tribunales reúnan ante sí toda la verdad de los hechos. Soto v. Hotel Caribe Hilton, 137 DPR 294, 309 esc. 13 (1994). A estos efectos, hemos identificado como posibles controversias de esta naturaleza las que contienen elementos subjetivos, en las que el factor de credibilidad juega un papel esencial o decisivo para llegar a la verdad, y donde un litigante depende en gran parte de lo que extraiga del contrario en el curso del juicio. Jusino et als. v. Walgreens, 155 DPR 560, 579 (2001); Audiovisual Lang. v. Sist. Est. Natal Hnos., 144 DPR 563, 577 (1997). Esto, como corolario, a la realidad de que la sentencia sumaria mal utilizada, puede prestarse para despojar a un litigante de su día en corte, *139 principio elemental del debido proceso de ley. Jusino et als. v. Walgreens, supra, pág. 578; Roig Com. Bank v. Rosario Cirino, 126 DPR 613, 617 (1990). Solamente aplicando estos criterios es que el mecanismo de sentencia sumaria efectúa un balance adecuado entre el derecho de toda parte a tener su día en corte y la disposición justa, rápida y económica de los pleitos. García Rivera et al. v. Enríquez, 153 DPR 323, 338-339 (2001).
Por otra parte, cuando la solicitud de sentencia sumaria no procede, las Reglas de Procedimiento Civil de 2009 introdujeron un cambio importante a las reglas procesales en aras de agilizar los procesos ante los tribunales. En ese sentido, la Opinión Mayoritaria puntualiza que la Regla 36.4 de Procedimiento Civil de 2009 (32 LPRAAp. V), requiere obligatoriamente que “el tribunal resuelva la moción mediante una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos [...]”. (Enfasis suplido). 32 LPRA Ap. V. Véase Opinión mayoritaria, págs. 112-113. Sin embargo, la Opinión Mayoritaria extiende tal obligación a la etapa apelativa para que el Tribunal de Apelaciones esté igualmente obligado, como el Tribunal de Primera Instancia, a realizar determinaciones de cuáles hechos están en controversia y cuáles están incontrovertidos. Diferimos de tal conclusión.
I—H H-1 HH
Ciertamente, la Regla 36.4, supra, incluyó una disposición específica para que el adjudicador de la sentencia sumaria, al resolverla, determine mediante resolución los hechos esenciales y pertinentes sobre los cuales no existe controversia y los que están controvertidos. Sin embargo, entendemos que esta disposición no aplica al Tribunal de Apelaciones. Nos explicamos.
*140 Al examinar la Regla 36 que cobija el proceso para dictar sentencia sumariamente, surge inequívocamente que ésta establece el proceso ante el Tribunal de Primera Instancia para disponer de un asunto sin necesidad de celebrar un juicio. La regla dispone cuándo y cómo una parte que solicita el remedio puede presentar la moción para que “el tribunal dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación solicitada”. Regla 36.1 de Procedimiento Civil de 2009 (32 LPRAAp. V). Véase Regla 36.2 de Procedimiento Civil de 2009 (32 LPRAAp. V). El examen integral de las disposiciones referentes a la solicitud de sentencia sumaria es diáfano a los efectos de que este mecanismo está dirigido a los tribunales de primera instancia para que éstos resuelvan los casos ante su consideración cuando no existan controversias de hechos esenciales y lo que proceda sea aplicar el Derecho. Es por ello, que cuando la citada regla menciona “tribunal” se refiere únicamente al foro primario y no a los procedimientos a nivel apelativo.
Cónsono con lo anterior, y en lo pertinente, la Regla 36.4, supra, dispone que
[s]i en virtud de una moción presentada bajo las disposiciones de esta regla no se dicta sentencia sobre la totalidad del pleito, ni se concede todo el remedio solicitado o se deniega la misma, y es necesario celebrar juicio, será obligatorio que el tribunal resuelva la moción mediante una determinación de los hechos esenciales y pertinentes sobre los cuáles no hay controversia sustancial y los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos, y hasta qué extremo la cuantía de los daños y otra reparación no está en controversia [...]”. (Enfasis suplido).
El mandato impuesto por la Regla 36.4, supra, obedeció a la desatención de los tribunales para facilitar el trámite de revisión judicial de las determinaciones del foro primario. Cuevas Segarra, op. cit., pág. 1074. Por ello, el distinguido tratadista destaca la situación que generaba la falta de las determinaciones del tribunal de primera ins *141 tancia en los procesos apelativos. Ante ello, explica que los paneles del Tribunal de Apelaciones optaron por devolver al foro primario resoluciones escuetas de “no ha lugar” a las solicitudes de sentencias sumarias para que éstos formulasen los hechos que existían en controversias antes de disponer del recurso presentado ante el foro apelativo intermedio. íd., pág. 1075. Ello, toda vez que el Tribunal de Apelaciones tiene una naturaleza distinta a la del Tribunal de Primera Instancia. De Jesús Viñas v. González Lugo, 170 DPR 499, 512 (2007). En este aspecto, el foro primario recibe la presentación de la prueba y el encuentro de las partes involucradas, mientras que el tribunal apelativo intermedio se limita a la revisión de los procedimientos llevados ante el Tribunal de Primera Instancia para que éstos sean justos y encuentren apoyo en la normativa establecida. Crespo Quiñones v. Santiago Velázquez, 176 DPR 408, 427—428 (2009), citando a Depto. de la Familia v. Shrivers Otero, 145 DPR 351, 357 (1998); De Jesús Viñas v. González Lugo, supra.(10) Ante tal realidad, hemos manifestado que aunque las reglas de procedimiento civil aplican al Tribunal General de Justicia, ello no significa que todas las figuras incorporadas y reguladas mediante éstas se encuentren disponibles en los procesos ante el foro apelativo intermedio. De Jesús Viñas, supra, pág. 512.
El mecanismo de sentencia sumaria no está concebido para que sea solicitado ante el Tribunal de Apelaciones. En consecuencia, la intervención de ese foro en estos casos se limita a revisar si el foro primario atendió correctamente la solicitud de sentencia sumaria, es decir, escudriña si el foro adjudicador actuó conforme a derecho. Claro está, para ello, el foro apelativo intermedio tiene que utilizar los *142 mismos criterios que el Tribunal de Primera Instancia al determinar si procede una sentencia sumaria. Vera v. Dr. Bravo, 161 DPR 308, 334-335 (2004). Empero, por su naturaleza distinta, el rol del Tribunal de Apelaciones está limitado. Por lo tanto, no podrá adjudicar los hechos y su intervención se limitará a determinar si existe o no alguna controversia genuina de hechos materiales y esenciales para escudriñar si el Tribunal de Primera Instancia aplicó correctamente el derecho. Id. Bajo ningún concepto se debe entender que porque se utilicen los mismos criterios para revisar al Tribunal de Primera Instancia, esto equivalga a que el Tribunal de Apelaciones esté obligado, como si fuera el foro de primera instancia, a determinar sobre cuáles hechos esenciales y pertinentes no hay controversias, y cuáles están realmente y de buena fe controvertidos.
Ahora bien, el Tribunal de Apelaciones está obligado a justificar su determinación al tener que incluir una relación de los hechos, una exposición y análisis de los asuntos planteados, o conclusiones de derecho. Véase Regla 10(a) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. Así, es su deber como foro apelativo intermedio resolver los asuntos planteados de forma fundamentada. Maldonado Bermúdez v. Maldonado González, 141 DPR 19, 24—25 (1996). Por ello, cuando el Tribunal de Apelaciones revoca una determinación del Tribunal de Primera Instancia que declaró “con lugar” una solicitud de sentencia sumaria, siempre estará obligado a apoyar su conclusión expresando cuáles hechos impedían dictar sentencia sumaria porque estaban en controversia. Ello, sin necesidad de recurrir a la Regla 36.4, supra, y en cumplimiento con su Reglamento y con la jurisprudencia de este Tribunal. Por lo tanto, el foro apelativo intermedio está vedado de emitir una resolución o sentencia huérfana de una relación de los hechos, una exposición y análisis de los asuntos planteados, o conclusiones de derecho. Más aún, de haber incumplido con tal deber, este Tribunal podrá determinar que el Tribunal de Apelaciones *143 actuó en contravención con estas normas, incumpliendo su función revisora, expedir el auto y devolver el asunto a ese foro para que cumpla con su obligación. Maldonado Bermúdez, supra, págs. 26-27.
Ante tal realidad, y conforme con lo antes discutido, no podemos avalar la interpretación que hace la Mayoría de este Tribunal en cuanto a que el Tribunal de Apelaciones debe evaluar los requisitos de forma, según discutidos en SLG Zapata-Rivera v. J.F. Montalvo, supra, por las razones expresadas en nuestro disenso en ese caso. De igual forma, tampoco coincidimos en la exégesis que se hace de la Regla 36.4, al imponer al Tribunal de Apelaciones la obligación de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos.
La Opinión mayoritaria no considera que las Reglas de Procedimiento Civil establecen que no es necesario que el tribunal de instancia, al resolver mociones bajo la Regla 36.1 y 36.2 de Procedimiento Civil —es decir, sumariamente— especifique los hechos probados y consigne separadamente las conclusiones de derecho. Véanse: Regla 42.2 de Procedimiento Civil de 2009 (32 LPRA Ap. V); Vega et al. v. Telefónica, 156 DPR 584 (2002). Por lo tanto, imponer esta obligación al foro apelativo intermedio redundará en un retraso de los procesos cuando, bajo el esquema actual, basta con que ese foro fundamente su curso decisorio al disponer cuáles hechos impedían que se dictara sentencia sumariamente. Asimismo, advertimos que en estas circunstancias, y ante la gran cantidad de casos atendidos por el foro intermedio, éste retendrá los recursos y ordenará al tribunal de primera instancia que fundamente la sentencia emitida al amparo de la Regla 83.1 del Reglamento del Tribunal de Apelaciones, 4 LPRAAp. XXII-B, lo que repercutirá en la dilación de los procesos.
*144 IV
A. Así las cosas, entendemos que sólo correspondía examinar si el Tribunal de Apelaciones erró al revocar a los foros de instancia, y si las sentencias emitidas carecen de los fundamentos concretos por los cuales concluyó como lo hizo. En lo que respecta a ello, y luego de examinados los recursos ante nos, concluimos que el Tribunal de Apelaciones actuó conforme a derecho. Veamos.
Al examinar la Sentencia del Tribunal de Apelaciones con relación a los recursos de los señores Meléndez González, Ocasio Marrero, Caraballo Aquino y la señora Méndez Rodríguez, discrepamos de que la determinación del foro apelativo intermedio se circunscribiera a que no procedía la sentencia sumaria por la complejidad del caso. Igualmente, diferimos de que ese foro no estableciera cuáles hechos encontró que estaban en controversia.
El estudio sosegado de la referida Sentencia destaca que el Tribunal de Apelaciones aplicó la norma jurídica sobre cuándo no procede dictar sentencia sumaria. Para ello, analizó la jurisprudencia a los efectos de que existen controversias en las cuales no se puede reunir ante sí la verdad de los hechos a través de los documentos. Específicamente, aquellas situaciones en las que se requiere dilucidar elementos subjetivos como la intención, los propósitos mentales o la credibilidad de las partes. Asimismo, el Tribunal de Apelaciones consideró la reclamación interpuesta por los querellantes que sostienen aplica la doctrina de patrono sucesor en la adquisición realizada por Bohío. Por ello, el Tribunal de Apelaciones auscultó que la referida doctrina aplica en casos en los que “existe una similaridad sustancial en la operación de la empresa” y el que las obligaciones que se le han de atribuir al nuevo patrono se “determinan caso a caso, con arreglo a las circunstancias *145 particulares de cada cual”.(11) Como consecuencia, determinó específicamente que el Tribunal de Primera Instancia venía obligado a realizar un “análisis ponderado y exhaustivo de la realidad fáctica en ellos envuelta, a la luz [de] la normativa laboral vigente, particularmente, en torno a si en efecto se trató de un cierre de operaciones de la querellada M. Cuebas y si le es de aplicación o no, la doctrina de patrono sucesor”. (Enfasis suplido).(12)
De lo antes expuesto, no existe duda de que el Tribunal de Apelaciones expresó concretamente que existía controversia sobre la realidad de los hechos, la intención de Bohío al adquirir a M. Cuebas y si en efecto hubo un cierre de operaciones de la corporación adquirida que impida la aplicación de la doctrina de patrono sucesor.
B. De igual forma, al emitir la Sentencia en los casos de los señores Roldán Flores y Soto Ambert, el Tribunal de Apelaciones fundamentó la razón para revocar al Tribunal de Primera Instancia e intimó cuáles hechos estaban en controversia.
El Tribunal de Apelaciones discutió en su Sentencia tanto la normativa sobre la procedencia de sentencia sumaria como la que concierne a la teoría de los querellantes. De esta manera, recalcó que en este análisis se deben considerar los siguientes factores: (1) la existencia de una continuación sustancial de la misma actividad de negocios; (2) la utilización de la planta para las operaciones; (3) el empleo de la misma fuerza obrera; (4) la conservación del personal; (5) la utilización del equipo y maquinaria, así como los métodos de producción; (6) la elaboración de los productos y prestación de servicios; (7) la retención del nombre, y (8) la operación del negocio durante el período de transición. Véase Adventist Health v. Mercado, 171 DPR 255, 267 (2007).
*146 Acto seguido, el foro apelativo intermedio elaboró las contenciones de las partes y destacó que los querellantes impugnaron la declaración jurada presentada por M. Cuebas y destacaron que la venta de activos constituyó la venta de toda la producción y los productos, así como la maquinaria para elaborar los productos adquiridos a M. Cuebas. Asimismo, resaltaron que la determinación de si la compraventa pactada fue para cerrar las operaciones es un asunto en el que están contenidos elementos de intención que se deben dilucidar en un juicio plenario. Por ello, el Tribunal de Apelaciones entendió que “existe una germina controversia de hechos sobre los asuntos antes esbozados sobre los cuales median elementos de intención que no debieron haberse adjudicado por la vía sumaria”. (Enfasis suplido).(13) Por lo tanto, el Tribunal de Apelaciones concluyó que había controversia con relación a si los hechos específicos del caso permiten aplicar la doctrina de patrono sucesor conforme a la intención de las partes.
Ciertamente, del caso ante nuestra consideración surge inequívocamente que M. Cuebas y Bohío advirtieron sus posibles responsabilidades para llegar al acuerdo que firmaron. Igualmente, resalta que Bohío operaba una compañía destinada a la producción de comestibles similares a los producidos por M. Cuebas. Así, Bohío poseía su propia planta operacional, maquinaria, empleados y personal de supervisión. Sin embargo, adquirió las marcas, recetas y maquinarias de M. Cuebas para continuar elaborando esos productos.(14) Asimismo, nos parece importante y llama la atención que, a pesar de alegar que no se retuvo personal gerencial, en el Letter of Intent se establece que la Sra. Marta Cuebas, propietaria de M. Cuebas, trabajaría como contratista independiente para Bohío con un incentivo anual variable pagado como un Performance Incentive, conforme al incremento en las ventas y los márgenes de *147 ganancias. Por lo tanto, ante la similitud sustancial en la operación de ambas empresas y la correspondiente adquisición de activos, al igual que el Tribunal de Apelaciones, entendemos que existen hechos materiales en controversia. Por eso, se debió auscultar la verdadera intención de las partes al realizar la compraventa para determinar si aplica la doctrina de patrono sucesor al caso de autos. Por ello, y ante los hechos particulares del caso ante nuestra consideración, entendemos que se debería atender el reclamo de los querellantes en un juicio plenario. No podemos relegar que la política pública tiene como norte proteger a los empleados en situaciones de cambios súbitos en la relación obreropatronal. Véanse: Adventist Health v. Mercado, supra; Piñeiro v. Int’l Air Serv. of P.R., Inc., 140 DPR 343 (1996); Bruno López v. Motorplan, Inc. y otros, 134 DPR 111 (1993).
V
Conforme a lo antes expuesto, discrepo del dictamen de la Mayoría de este Tribunal. En primer lugar, considero que la Regla 36.4 de Procedimiento Civil del 2009 no le aplica al Tribunal de Apelaciones. En segundo lugar, estimo que el foro apelativo intermedio cumplió a cabalidad con su deber de fundamentar las razones que justificaron la revocación de las sentencias sumarias emitidas. Por tanto, confirmaría al Tribunal de Apelaciones que revisó, conforme a derecho, si procedían las sentencias sumarias emitidas por varias salas del Tribunal de Primera Instancia y devolvería el caso a ese foro para continuar los procedimientos.

 De hecho, Bohío contrató personal de M. Cuebas. Tan es así que en esa empresa trabaja el señor Carlos Meléndez González, quien fue despedido por M. Cuebas el 4 de agosto de 2011 y contratado por Bohío el 8 de agosto de 2011. Véase Sentencia del Tribunal de Primera Instancia, en el recurso AC-2013-46, Apéndice 6 de la Apelación de Bohío International Corp., pág. 136.

 Los recursos presentados por los querellantes Carlos Meléndez González, Héctor Ocasio Marrero, Rosalina Méndez Rodríguez y Roberto Caraballo Aquino fueron consolidados e identificados como KLAN201300130, KLAN201300212, KLAN201300245, KLAN20130272. Por su parte, los recursos presentados por Víctor Roldán Plores y Ángel L. Soto Ambert fueron consolidados bajo los casos KLAN20121620, KLAN20121632.

 Estos recursos corresponden a los casos AC-2013-41 y AC-2013-46 ante este Tribunal.

 Apéndice 1 de la Apelación de Bohío International Corp. AC-2013-46, págs. 25-26.

 íd., págs. 28-29.

 Los cuales corresponden a los recursos AC-2013-70 y AC-2013-73 ante este Tribunal.

 Apéndice 2 de la Apelación AC-2013-70, pág. 11.

 íd., págs. 18-20.

 El Comité Asesor Permanente de las Reglas de Procedimiento Civil enfatizó que “el que la parte promovida no presente prueba que controvierta la presentada por el promovente, no garantiza que proceda dictarse sentencia sumaria. Esto se justifica porque en aquellos casos en que no exista una clara certeza sobre los hechos importantes y pertinentes de la controversia, no procede una sentencia sumaria”. Informe de Reglas de Procedimiento Civil, Secretariado de la Conferencia Judicial y Notarial de 2008, pág. 404.

 Entre otras, el Tribunal de Apelaciones: (1) corrige errores del tribunal sentenciador; (2) sirve como agente catalítico en las revisiones de la doctrina y la ley; (3) destaca situaciones que requieran reglamentación de los foros competentes; (4) identifica a este Tribunal las áreas en las que resulta imperativo el cambio normativo, y (5) permite que este Tribunal tenga un mayor desahogo y pueda servir al máximo en su función de pautar e interpretar el Derecho. Crespo Quiñones v. Santiago Velázquez, 176 DPR 408, 427-428 (2009).

 Véase Apéndice 1 de la Apelación de Bohío International Corp. AC-2013-46, págs. 22-23.

 íd., págs. 28-29.

 Apéndice 1 de la Apelación AC-2013-70, págs. 19-20.

 íd., pág. 356.