CARLOS A. MALDONADO BERMÚDEZ, demandante y recurrido, *v.* NILSA I. MALDONADO GONZÁLEZ, demandada y peticionaria.

*Número:* CC-96-0110          *Resuelto:* 11 de junio de 1996

20

*Domingo Donato Pérez*, abogado de la parte peticionaria.

PER CURIAM: El 15 de febrero de 1995, el Sr. Carlos Maldonado Bermúdez presentó una demanda de divorcio bajo la causal de trato cruel. En dicha demanda alegó, en síntesis, que su causa de acción se fundamentaba en la referida causal, ya que su esposa, la Sra. Nilsa Maldonado González, lo maltrataba "con palabras humillantes, peleas

continuas y falta de respeto ...". *Exhibit* I, pág. 1. Por su parte, la demandada presentó su contestación a la demanda negando las imputaciones aludidas, y como parte de sus defensas afirmativas sostuvo que era el demandante quien la trataba en forma cruel e inhumana, ofendiéndola en público y en privado.

Tras varios trámites procesales, y luego de aquilatar la prueba vertida por las partes, el Tribunal de Primera Instancia, Sala Superior de Utuado (Hon. Juan Maldonado Torres, Juez), dictó una sentencia para declarar con lugar la demanda de divorcio por la causal de trato cruel por parte de la demandada hacia el demandante. Como parte de sus determinaciones de hechos, dicho foro sostuvo lo siguiente:

> ... El maltrato consistió en que el demandante comenzó a notar una conducta rara en la demandada consistente en que esta no deseaba tener relaciones sexuales con él, las evitaba, lo rechazaba y si sostenía relaciones no era igual que antes, le decía que apestaba a grasa, no quería que la dejara frente al trabajo, no le cocinaba, no le lavaba ropa. La demandada comenzó a llegar tarde, cuando el demandante le pedía explicaciones discutían y se decían frases ofensivas. La demandada le decía que no lo quería, que no quería seguir más con él, razón por la cual las relaciones entre ellos se fueron deteriorando hasta el punto que una noche la demandada llegó como a las 10:00 p.m. de una fiesta. Llegó con la policía a recoger las hijas del matrimonio y se fue de la casa diciéndole que se iba de la casa y que no volvería más. El demandante declaró que esta conducta de la demandada lo hacía sentir humillado y ofendido y que *no* confiaba en ella, que ella no lo respetaba. Declaró que trató de salvar su matrimonio pero que no se pudo, que al principio tenía un buen matrimonio, pero no así al final. Declaró que quería divorciarse porque no podía soportar más la conducta de la demandada hacia él. *Exhibit* III, pág. 5.

Inconforme con dicha determinación, la parte demandada acudió ante el Tribunal de Circuito de Apelaciones, Circuito Regional de Arecibo y Utuado, mediante un recurso de apelación alegando, en síntesis, que el tribunal de

instancia había errado al declarar con lugar la demanda de divorcio por la causal de trato cruel. En particular, sostuvo que el foro sentenciador había errado al apreciar la prueba presentada, ya que la conducta alegada por el demandante no demostraba la existencia de actos específicos de crueldad o injuria requeridos para constituir dicha causal.[1]

El 27 de marzo de 1996 el Tribunal de Circuito de Apelaciones dictó una sentencia para confirmar la determinación recurrida, tras resolver que los errores señalados por la parte apelante no habían sido cometidos. En su escueta sentencia, razonó dicho foro que las defensas afirmativas presentadas por la demandada se habían cobijado bajo la teoría de que una acción de divorcio por trato cruel quedaba impedida cuando ambos cónyuges incurrían en igual práctica, y que, no habiéndole dado crédito el tribunal de instancia a tales defensas, el error alegado no había sido cometido. Concluyó, además, que al no haber presentado la parte demandada una reconvención, ahora no podía pretender convertir sus defensas afirmativas en alegaciones de reconvención con el propósito de solicitar que se dicte la sentencia de divorcio a su favor por la causal de trato cruel. En cuanto a los planteamientos presentados en torno a la apreciación de la prueba, el Tribunal de Circuito de Apelaciones no hizo expresión alguna.

No conforme, acude ante este Tribunal la parte demandada, mediante una petición de *certiorari*, alegando la comisión de los errores siguientes:

> ... Incidió y erró el Tribunal recurrido al no resolver en los méritos las controversias planteadas ante su consideración.

---

[1] Específicamente, la parte demandada formuló los señalamientos de error siguientes:

"*PRIMER ERROR*: Incidió y erró el Tribunal de instancia al declarar ha lugar la demanda incoada bajo la causal de trato cruel.

"*SEGUNDO ERROR*: Incidió y erró el Tribunal de instancia al determinar que la conducta de la demandada-apelante constituía trato cruel.

"*TERCER ERROR*: Incidió y erró el Tribunal de instancia al apreciar la prueba sobre la causal invocada." *Exhibit* VII, pág. 19.

... Incidió y erró el Tribunal recurrido al interpretar las defensas afirmativas levantadas por la parte demandada en su contestación a la demanda. Petición, pág. 4.

Habiendo examinado el recurso presentado, así como sus correspondientes documentos anejos, procedemos a resolver sin trámite ulterior conforme lo dispuesto por la Regla 54 del Reglamento de este Tribunal.([2])

I

Como primer señalamiento de error aduce la parte peticionaria que incidió el Tribunal de Circuito de Apelaciones al no adjudicar la controversia de si la prueba desfilada ante el foro de instancia era suficiente para declarar con lugar la demanda de divorcio por la causal de trato cruel. Le asiste la razón a la peticionaria. Veamos.

■ Mediante la aprobación de la Ley de la Judicatura de Puerto Rico de 1994, Ley Núm. 1 de 28 de julio de 1994 (4 L.P.R.A. sec. 22 *et seq.*) se creó el Tribunal de Circuito de Apelaciones y se restauró la apelación, como *cuestión de derecho* ante dicho foro apelativo, de sentencias finales dictadas en casos originados en el Tribunal de Primera Instancia.([3]) Véase *Rivera v. E.L.A.*, 140 D.P.R. 168 (1996). De esta forma, la Legislatura ha procurado "[c]onceder el

---

([2]) A partir de 1ro de mayo de 1996, la Regla 54 del Reglamento de este Tribunal pasó a ser la Regla 50 de nuestro nuevo Reglamento, 4 L.P.R.A. Ap. XXI-A. No obstante, al amparo de la Regla 4 de Transición, 4 L.P.R.A. Ap. XXI-A, la disposición aplicable al caso de autos continúa siendo la Regla 54 del antiguo Reglamento de este Tribunal.

([3]) A tales efectos, el Art. 4.002 de la Ley Núm. 1 de 28 de julio de 1994, Leyes de Puerto Rico, pág. 2811, dispone, en lo pertinente:

"El Tribunal de Circuito de Apelaciones conocerá en los siguientes asuntos:

"(a) Mediante recurso de apelación de toda sentencia final dictada en casos originados en el Tribunal de Primera Instancia, incluyendo el Tribunal de Distrito durante el proceso de su abolición, exceptuándose aquello dispuesto en el inciso (b) del Artículo 3.002 de esta Ley."

Adviértase que la competencia del Tribunal de Circuito de Apelaciones dispuesta en este artículo quedó inalterada con las enmiendas realizadas por la Ley Núm. 248 de 25 de diciembre de 1995 (4 L.P.R.A. secs. 22i-22k, 22n-22o, 23f y 23n), a la Ley de la Judicatura de Puerto Rico de 1994.

derecho de apelación a los ciudadanos en casos civiles y criminales, extendiéndose a todo puertorriqueño afectado adversamente por una decisión de un tribunal el derecho a que un panel apelativo de un mínimo de tres jueces revise esa decisión que había sido tomada por un solo juez".([4])

■ En cumplimiento de las disposiciones de la referida Ley de la Judicatura de Puerto Rico de 1994, y conforme a la autoridad que le fuera concedida a este Tribunal por el Art. V de la Constitución de Puerto Rico, L.P.R.A., Tomo 1, el 13 de enero de 1995 aprobamos el Reglamento del Tribunal de Circuito de Apelaciones.([5]) Tal reglamento tuvo el propósito de hacer viable el funcionamiento del nuevo foro apelativo de una manera acorde con los objetivos de la Ley de la Judicatura, y para ello establecimos en él las normas que debían regir los procedimientos ante dicho foro.

Como parte de dichas normas, y en lo pertinente a la controversia de autos, la Regla 10(a) del referido reglamento, 4 L.P.R.A. Ap. XXII dispuso lo siguiente en cuanto al proceso decisorio de dicho tribunal:

*Regla 10. Decisión en los méritos*

(a) El panel correspondiente del Tribunal de Circuito de Apelaciones resolverá los recursos ante su consideración mediante sentencia, que incluirá relación de hechos y *exposición y análisis de los asuntos planteados.*([6]) (Énfasis suplido.)

■ Como podrá observarse, la regla antes transcrita impuso al Tribunal de Circuito de Apelaciones el deber de

---

([4]) Véase la Exposición de Motivos de la Ley de la Judicatura de Puerto Rico de 1994, Ley Núm. 1, pág. 2802.

([5]) Nótese que tal reglamento era el que se encontraba vigente en el caso de autos al momento de presentarse el escrito de apelación ante el Tribunal de Circuito de Apelaciones.

([6]) A raíz de las enmiendas realizadas a la Ley de la Judicatura de Puerto Rico de 1994 por la Ley Núm. 248, *supra*, enmendamos también el Reglamento del Tribunal de Circuito de Apelaciones. Sin embargo, con el nuevo reglamento, el cual entró en vigor el 1ro de mayo de 1996, las disposiciones de la Regla 10(a) del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII, permanecieron idénticas.

*resolver los asuntos planteados* en los recursos que tenga ante su consideración. Incluso, estableció el deber de hacerlo de forma fundamentada, lo que incluirá una relación de hechos, una exposición y un análisis pertinente a las controversias presentadas. Ello, a su vez, tiene el efecto de permitirnos cumplir adecuadamente con nuestra función revisora en caso de que en su día las partes opten por cuestionar ante este Tribunal el dictamen emitido por el Tribunal de Circuito de Apelaciones.

Sobre el particular, el comentarista José A. Cuevas Segarra, en su obra *Práctica Procesal Puertorriqueña*, Práctica Apelativa, Análisis del Reglamento del Tribunal de Circuito de Apelaciones, Publicaciones J.T.S., Suplemento de 1995, pág. 23, al analizar la referida Regla 10(a), certeramente ha expresado:

> El Tribunal de Circuito de Apelaciones resolverá en sus méritos, no mediante un simple no ha lugar, y por escrito las apelaciones y los recursos que tenga ante su consideración. [...]
> La majestad de la ley requiere que el Panel considere siempre el fondo de las cuestiones litigiosas para reestablecer el equilibrio, la juridicidad y la legalidad. Es un derecho a enderezar lo injusto. Ello es así, porque no se trata de un Tribunal de casación con un fin de unificación de la jurisprudencia. *Es un órgano instituido para administrar justicia a los particulares.* Priva el interés individual en la justicia del caso singular sobre el interés público en la interpretación exacta de la ley en abstracto. *Mediante la apelación de la parte vencida, se reexaminará en toda su amplitud la controversia (in jure e in facto)* por un Panel del Tribunal del Circuito de Apelaciones.
> Ante lo expuesto, es preciso concluir que este foro debe resolver en los méritos las apelaciones y demás recursos en los que asuma jurisdicción y en aquellos casos en que se ha expedido el auto de certiorari o emitido una orden de mostrar causa, excepto que el Tribunal posteriormente anule el auto o la orden por haber sido indebidamente expedido. (Énfasis suplido.)

## II

■ Un examen del escrito de apelación que, como cuestión de derecho, presentara la parte aquí peticionaria ante

el Tribunal de Circuito de Apelaciones, claramente revela que dicha parte cuestionó ante el foro apelativo la apreciación de la prueba que realizara el tribunal de instancia. Ciertamente, la apelante indicó en su escrito que la conducta del demandante hacia ella era lo que había tornado intolerable la vida conyugal. Sin embargo, también alegó que la parte demandante no había presentado prueba preponderante, clara, satisfactoria y convincente que demostrara la existencia de actos específicos de crueldad e injuria, cuestionando por lo tanto la procedencia de la sentencia de divorcio decretada en su contra por la causal de trato cruel. A pesar de ello, el Tribunal de Circuito de Apelaciones se desvió de la controversia así planteada, soslayándola al emitir su sentencia. Simplemente se limitó a indicar de forma somera y superficial que los errores alegados no habían sido cometidos.

Considerando la naturaleza de los errores señalados, y con el fin de cumplir responsablemente con su función apelativa, el tribunal recurrido debió ordenar una exposición narrativa de la prueba en virtud de lo dispuesto en la Regla 42 de su propio Reglamento, 4 L.P.R.A. Ap. XXII, vigente cuando entendió en este recurso.

La Regla 42(a), *supra*, disponía:

> El Tribunal de Circuito de Apelaciones, motu proprio o a solicitud de parte, podrá ordenar la preparación de una exposición narrativa de la prueba.[7]

A la luz de todo lo antes expuesto, tales circunstancias nos obligan a concluir que el Tribunal de Circuito de Apelaciones, Circuito Regional de Arecibo y Utuado, actuó en clara contravención a la Regla 10(a) de su propio reglamento, *supra*, incumpliendo crasamente con su función revisora. En consecuencia, se expide el auto de *certiorari* y se dicta sentencia para revocar el dictamen recurrido. Se

---

[7] El Reglamento del Tribunal de Circuito de Apelaciones que entró en vigor el 1ro de mayo de 1996 contiene una disposición idéntica en la Regla 20(A), 4 L.P.R.A. Ap. XXII-A.

devuelve el caso al Tribunal de Circuito de Apelaciones para que dicho foro continúe los procedimientos apelativos a tenor con nuestros pronunciamientos y cumpla cabalmente con las disposiciones de la Regla 10(a) de su reglamento, *supra.*

Disponemos, además, que dicho foro apelativo, a tenor con la antes aludida Regla 42 de su reglamento, deberá ordenar la preparación de una exposición narrativa de la prueba vertida ante el tribunal de instancia, de manera que pueda estar en posición de revisar adecuadamente la sentencia apelada y determinar si efectivamente se cometieron los errores señalados por la parte demandada en su recurso de apelación.

*Se dictará la sentencia correspondiente.*

Los Jueces Asociados Señores Negrón García y Rebollo López no intervinieron.