ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| **UNIVERSAL INSURANCE COMPANY**<br><br>Apelante<br><br>v.<br><br>**ESTADO LIBRE ASOCIADO DE PUERTO RICO**<br><br>Apelado | KLAN202300290 | **APELACIÓN**<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.:<br>**CA2019CV02596**<br><br>Sobre: **IMPUGNACIÓN POR CONFISCACIÓN** |

Panel integrado por su presidente la juez Grana Martínez, el juez Rodríguez Flores y el juez Pérez Ocasio.[1]

Pérez Ocasio, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 8 de febrero de 2024.

Comparece ante nos, la parte demandante-apelante, Universal Insurance Company, en adelante Universal o apelante solicitando que revisemos una *"Sentencia"* emitida por el Tribunal de Primera Instancia de Carolina, (en adelante TPI-Carolina), el 6 de febrero de 2023, y notificada en autos el 7 de febrero de 2023. En la misma el TPI-Carolina desestimó la causa de acción presentada por Universal, al amparo de la Regla 39.2(c) de Procedimiento Civil, 32 LPRA Ap. V., R. 39.2(c). Posteriormente, el 16 de febrero de 2023 Universal presentó una "Moción de Reconsideración",[2] el Foro a *quo*

---

[1] Véase Orden Administrativa OATA-2023-131 del 14 de julio de 2023, donde se designa al Juez Alberto Luis Pérez Ocasio en sustitución del juez Félix R. Figueroa Cabán.
[2] Apéndice del Recurso de Apelación, Anejo 3, pág. 16-21.

Número Identificador

SEN2024_____

denegó la solicitud de plano presentada por la parte apelante el 13 de marzo de 2023.

El 10 de abril de 2023, Universal compareció ante este Tribunal. La parte apelada, el Estado Libre Asociado de Puerto Rico, en adelante el Apelado o ELA, compareció ante este Tribunal solicitando la desestimación del recurso de epígrafe el 10 de mayo de 2023. Así las cosas, se le concedió un término adicional a la parte apelante para que presentara su posición que fue radicada por Universal el 25 de mayo de 2023. Declarada *"No ha Lugar"*, la solicitud de desestimación presentada por el ELA, se establecieron términos para estipular la transcripción oral. Posteriormente, el 16 de octubre de 2023 el ELA presentó su alegato.

Por los fundamentos que expondremos a continuación, *confirmamos la Sentencia* del TPI- Carolina en el recurso de epígrafe.

## I.

La situación de hechos que versa sobre la controversia que nos ocupa en el día de hoy es la siguiente.

Universal presentó una demanda el 12 de julio de 2019. En esencia, se alegó que el 15 de mayo de 2019, la Policía de Puerto Rico ocupó el vehículo de motor Toyota modelo *Yaris,* tablilla IPC-348 del año 2016 (en adelante, vehículo o automóvil) cuya dueña registral, ante el Departamento de Transportación y Obras Públicas, (en adelante DTOP), al momento de los hechos lo era Sylvia Josefina Jiménez Fuentes. El conductor al momento de los alegados hechos lo era Ángel A. Rodríguez Giménez. El automóvil se ocupó por alegadas violaciones a los Artículos 401 y 412 de la Ley de Sustancias Controladas de Puerto Rico, Ley Núm. 4 de 23 de junio de 1971, según enmendada, 24 LPRA secs. 2401, 2411(b).

Popular Auto es la entidad que tenía un gravamen sobre el auto y Universal es la aseguradora a la cual se le cedieron todos los derechos sobre la unidad ocupada.[3] El vehículo en cuestión tazó la suma de $12,000.00.

Posteriormente, la contestación por parte del ELA fue radicada el 20 de agosto de 2019. A su vez, según surge de la Minuta-*Resolución* del 28 de octubre de 2019, Popular Auto desistió de su causa de acción y se le reconoció legitimación activa a Universal.[4] Eventualmente, el 17 de marzo de 2020, Universal presentó una "*Solicitud de Sentencia Sumaria*", y oportunamente el ELA se opuso a la misma el 14 de julio de 2020. A estos fines, el Foro a *quo* declaró "No ha lugar" la solicitud de Sentencia Sumaria, razonando en síntesis que:

> Como expusimos en la sección anterior, a partir de la vigencia de la Ley 287-2018 la doctrina de impedimento colateral por sentencia no podrá invocarse para impugnar una confiscación cuando un imputado o un acusado haga alegación de culpabilidad o se someta a un programa de desvío o cuando éste fallezca durante el procesamiento penal. **Tampoco podrá invocarse en ausencia de alguna adjudicación expresa en otro proceso penal, civil o administrativo que se celebre por los mismos hechos que dieron lugar a la confiscación en el cual se determine que el bien confiscado no fue utilizado en la comisión de algún delito**. La solicitud de sentencia sumaria que presentó la parte demandante no logró establecer la existencia de una adjudicación que concluyera que el Toyota confiscado no fue utilizado en la comisión de algún delito.[5]

Así las cosas, el 18 de septiembre de 2020, Universal solicitó mediante una "*Moción de Reconsideración*" destacando esencialmente la "Doctrina del Impedimento Colateral por Sentencia". Nuevamente el ELA, se opuso ante la "Moción de Reconsideración". Al ser declarada "No ha lugar", por el TPI-

---

[3] SUMAC, entrada núm. 20. El TPI-Carolina dictó "*Sentencia parcial con perjuicio*", la misma fue dictada y notificada el 15 de julio de 2020.
[4] Apéndice del Recurso de Apelación, Anejo 7, pág. 49-50.
[5] *Id.* Anejo 10, a la pág. 84-93. (Énfasis suplido)

Carolina, Universal recurrió ante este Foro mediante el recurso *Universal Insurance Co. y otros v. Estado Libre Asociado de Puerto Rico y otros*, KLCE2020-00870. Posteriormente, el ELA presentó su oposición a la expedición del Recurso. Ante el planteamiento de ese momento, este Tribunal sostuvo la determinación del Foro Recurrido bajo el fundamento de cosa juzgada en su modalidad de impedimento colateral por sentencia presentada por la parte apelante.

Así las cosas, se devolvió el caso ante el Foro Primario para la continuidad de los procedimientos. Celebrada la Conferencia con Antelación a Juicio el 11 de octubre de 2022, en síntesis, el Foro Primario determinó que: "El tribunal hace constar que solo falta resolver si la parte demandante podrá rebatir la presunción de corrección de la confiscación del vehículo que se realizó en este pleito".[6]

El 6 de diciembre de 2022, celebrada la Vista en su Fondo, el ELA presentó en corte abierta una *"Solicitud de desestimación"* al amparo de la Regla 39.2 (c) de las de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2 (c), por entender que no se había rebatido la presunción de corrección de la confiscación del vehículo. Esta fue declarada "Ha Lugar" por el TPI-Carolina, mediante Sentencia emitida el 6 de febrero de 2023 y notificada el 7 de febrero de 2023.[7] El Foro Primario desestimó con perjuicio la reclamación incoada por Universal, y a su vez le impuso la cantidad de $1,500.00 en concepto de honorarios por temeridad.

El 16 de febrero de 2023, Universal presentó una "Moción de Reconsideración" ante el TPI-Carolina que fue declarada "No ha

---

[6] SUMAC, entrada núm. 37. La parte apelante sometió el documento como parte del anejo 13, no obstante, en el Apéndice del Recurso faltan las páginas 114-117.
[7] Apéndice del Recurso de Apelación, Anejo 2, pág. 3-15.

Lugar" mediante una *Resolución* emitida el 11 de marzo del año 2023 y notificada el 13 de marzo de 2013.[8]

Luego de varios trámites procesales, Universal presentó el recurso de epígrafe el 10 de abril de 2023. El 10 de mayo de 2023, el ELA presentó una "Solicitud de Desestimación" que fue declarada "No ha Lugar". Así las cosas, la parte apelante sometió el 20 de junio de 2023, mediante moción la "Transcripción de la Prueba Oral", y subsiguientemente el ELA presentó el 10 de julio de 2023, "Moción Notificando Estipulación de Transcripción". No empero, mediante *Resolución,* este Foro le concedió a la parte apelante veinte (20) días adicionales para presentar su alegato suplementario, y treinta (30) días, contados a partir de ese momento para que el ELA presentara su alegato. Posteriormente, el 16 de octubre de 2023 el ELA presentó su alegato.

En su recurso, la apelante le imputa al TPI-Carolina los siguientes señalamientos de error:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA SALA DE CAROLINA AL NO ACOGER LA DESESTIMACIÓN EN CORTE ABIERTA PRESENTADA POR EL ESTADO, AÚN CUANDO DICHA PARTE NO PRESENTÓ PRUEBA ALGUNA SOBRE LA RELACIÓN ENTRE EL VEHÍCULO CONFISCADO Y LA COMISIÓN DE UN DELITO.

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA SALA DE CAROLINA AL IMPONERLE TEMERIDAD A LA PARTE APELANTE, ABUSANDO DE SU DISCRECIÓN AL HACERLO.

Con el beneficio de los escritos de las partes, procedemos a disponer del Recurso ante nos.

---

[8] *Id.* Anejo 3, pág.16-21

**II.**

## A. Apelación

Al revisar una determinación de un foro de menor jerarquía, los tribunales revisores tenemos la tarea principal de auscultar si se aplicó correctamente el derecho a los hechos particulares del caso. *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 770 (2013). Como regla general, los foros apelativos no tenemos facultad para sustituir las determinaciones de hechos del tribunal de instancia con nuestras propias apreciaciones. *Dávila Nieves v. Meléndez Marín*, supra, pág. 771; *Serrano Muñoz v. Auxilio Mutuo*, 171 DPR 717, 741 (2007). De manera que, si la actuación del tribunal no está desprovista de base razonable, ni perjudica los derechos sustanciales de una parte, debe prevalecer el criterio del juez de instancia a quien corresponde la dirección del proceso. *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 449-450 (2013). *Sierra v. Tribunal Superior*, 81 DPR 554, 572 (1959).

Sin embargo, la norma de deferencia esbozada encuentra su excepción y cede cuando la parte promovente demuestra que hubo un craso abuso de discreción, prejuicio, error manifiesto o parcialidad. *BPPR v. Gómez Alayón*, 2023 TSPR 145 (2023), 213 DPR ____ (2023); *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012). Además, se requiere que nuestra intervención en esta etapa evite un perjuicio sustancial. *BPPR v. Gómez Alayón*, supra, *Rivera Gómez y otros v. Arcos de Dorados Puerto Rico, Inc.*, 2023 TSPR 65, 212 DPR ___ (2023); (2023); *VS PR, LLC v. Drift-Wind, Inc.*, 207 DPR 253, 273 (2021); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

Por *discreción* se entiende el "tener poder para decidir en una forma u otra, esto es, para escoger entre uno o varios cursos de acción". *BPPR v. Gómez Alayón*, supra; *García v. Asociación*, 165

DPR 311, 321 (2005), citando a *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990). No obstante, "el adecuado ejercicio de la discreción está inexorable e indefectiblemente atado al concepto de la razonabilidad". A esos efectos, el Tribunal Supremo de Puerto Rico, ha indicado cuáles son situaciones que constituyen un abuso de discreción, a saber:

> [C]uando el juez, en la decisión que emite, no toma en cuenta e ignora, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando por el contrario el juez, sin justificación y fundamento alguno para ello, le concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en el mismo; o cuando, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez livianamente sopesa y calibra los mismos.

> *VS PR, LLC v. Drift-Wind, Inc.*, *supra*, pág 274. Citando con aprobación a *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009). *Ramírez v. Policía de P.R.*, 158 DPR 320, 340-341 (2002), citando a *Pueblo v. Ortega Santiago*, *supra*, págs. 211-212.

Así, pues, la discreción no implica que los tribunales puedan actuar de una forma u otra en abstracción del resto del derecho. *Rivera et al. v. Arcos Dorados et al.*, *supra*.

**B. Deferencia Judicial**

Es bien sabido que el Foro Primario es el que tiene la oportunidad de ver y observar a los testigos y su manera de declarar, de poder apreciar sus gestos, titubeos, contradicciones, ademanes, dudas y vacilaciones, e ir formando gradualmente en su conciencia la convicción de si dicen o no la verdad. *Graciani Rodríguez v. Garaje Isla Verde, LLC*, 202 DPR 117,127 (2019); *Pueblo v. Torres Martínez*, 200 DPR 834,857-858 (2018); *IFCO Recycling v. Aut. Desp. Sólidos*, 184 DPR 712, 746 (2012); *López v. Dr. Cañizares*, 163 DPR 119,136 (2004); *Argüello v. Argüello*, 155 DPR 62 (2001). Consecuentemente, **los tribunales apelativos no debemos intervenir con la apreciación de la prueba que realizan los tribunales de**

**instancia, en ausencia de pasión, prejuicio, parcialidad o error manifiesto.** *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 847 (2023); *Super Asphalt Pavement Corp. v. Autoridad para el Financiamiento de la Infraestructura de Puerto Rico,* 206 DPR 803, 820 (2021); *Gómez Márquez v. Periódico el Oriental Inc.,* 203 DPR 783, 784 (2020); *Pueblo v. Viruet Camacho,* 173 DPR 563, 584 (2008). *S.L.G. Rodríguez v. Nationwide,* 156 DPR 614, 623 (2002). (Énfasis suplido).

El fundamento principal a esta deferencia es que el juzgador del Foro Primario tuvo la oportunidad de observar toda la prueba presentada, y por ende se encuentra en mejor situación que el Tribunal Apelativo para considerarla. *Argüello v. Argüello,* supra, pág. 78.

De esta manera, reiteramos que *"la llamada deferencia judicial está predicada en que los jueces de las salas de instancia están en mejor posición para aquilatar la prueba testifical porque tienen la oportunidad de oír, ver y apreciar el comportamiento del testigo".* *Pueblo v. Hernández Doble,* 210 DPR 850, 865 (2022); *Ortiz Ortiz v. Medtronic Puerto Rico Operations, Co.* 209 DPR 759, 779-780 (2022); *Gómez Márquez v. Periódico el Oriental Inc.,* supra, pág. 793. (Énfasis suplido). *"Por lo tanto, la facultad de los tribunales apelativos para sustituir el criterio de los tribunales de instancia se reduce a aquellas circunstancias en las que, a la luz de la prueba admitida,* no exista base suficiente que apoye su determinación". *Santiago Ortiz v. Real Legacy Assurance Company, Inc.* 206 DPR 194, 220 (2021). (Énfasis suplido).

Así mismo, el Tribunal Supremo de Puerto Rico ha enfatizado que [c]uando la impugnación de las determinaciones de hecho se base en la prueba oral desfilada, así como en la credibilidad que le

mereció [...] este Tribunal ha expresado que *"[E]s imprescindible que se traiga a la consideración del foro revisor la transcripción de la vista celebrada o una exposición narrativa de la prueba"*. *Graciani Rodríguez v. Garage Isla Verde LLC.*, supra, pág. 129. (Énfasis suplido).

Cónsono con los pronunciamientos del Máximo Foro de Puerto Rico se ha establecido que:

> "[e]n consideración a la norma de corrección que cobija a las determinaciones realizadas por el Tribunal de Primera Instancia, cuando un peticionario señala errores dirigidos a cuestionar la apreciación o suficiencia de la prueba, la naturaleza del derecho apelativo requiere que éste ubique al foro revisor en tiempo y espacio de lo ocurrido en el foro primario utilizando alguno de los mecanismos de recopilación de prueba oral, como lo son: (1) transcripción de la prueba, (2) exposición estipulada o (3) exposición narrativa".
>
> *Pueblo v. Pérez Delgado*, 2023 TSPR 35; 211 DPR ___ (2023).

Así pues, sentencia nuestro Más Alto Foro que: "Ante la presunción de corrección que revisten las determinaciones del foro primario, quien desee impugnar las mismas deberá colocar al tribunal revisor en posición de atender correctamente sus planteamientos sobre la apreciación y la credibilidad de la prueba oral desfilada". Id., pág. 11.

Por otro lado, como norma general de nuestro ordenamiento jurídico el peso, o la responsabilidad, de probar o presentar prueba que sustente su postura, recae sobre aquel que promueve una acción. *Rivera Figueroa v. The Fuller Brush Co.*, 180 DPR 894, 913 (2011); E.L. Chiesa, *Reglas de Evidencia de Puerto Rico 2009, Análisis por el Prof. Ernesto L. Chiesa* (Publicaciones JTS, 2009), pág. 98. Con relación a esto, la Regla 110 de las Reglas de Evidencia, 32 LPRA Ap. IV R. 110, dispone que el juzgador de los hechos deberá evaluar la evidencia presentada, sujetado a los siguientes principios:

(A)  El peso de la prueba recae sobre la parte que resultaría vencida de no presentarse evidencia por alguna de las partes.

B)  La obligación de presentar evidencia primeramente recae sobre la parte que sostiene la afirmativa en el asunto en controversia.

[...]

Esto responde al entendido jurídico de que el peso de la prueba es una obligación que tiene la parte que afirma la cuestión en controversia, y de convencer al juzgador sobre la forma particular en que ocurrieron los hechos que alega. *Rivera Figueroa v. The Fuller Brush Co.,* supra, pág. 913. ***Nuestro sistema evidenciario impone la obligación inicial o primaria de presentar evidencia a la parte que sostiene la afirmativa de la cuestión en controversia***. R. Emmanuelli Jiménez, Prontuario de Derecho Probatorio Puertorriqueño, Segunda Edición, Ediciones Situm, 2005, pág. 148; E. L. Chiesa, Tratado de Derecho Probatorio: Reglas de Evidencia de Puerto Rico y Federales, Tomo II, Publicaciones J.T.S., 2005, pág. 1003. (Énfasis suplido).

Por otro lado, ***el Tribunal de Apelaciones no debe elaborar sobre la pasión, el prejuicio y la parcialidad si no puede fundamentar que esto ocurrió en el caso ante su consideración.*** *Gómez Márquez v. Periódico el Oriental Inc.,* supra, pág. 784. El Tribunal Supremo de Puerto Rico ha reiterado múltiples veces que: "quien señale que el juzgador actuó mediando pasión, prejuicio o parcialidad debe sustentar sus alegaciones con evidencia suficiente, pues estas no deben convertirse en un instrumento para ejercer presión contra el Tribunal de Primera Instancia". Id., pág. 785.

## C. Ley Uniforme de Confiscaciones

La Ley Núm. 119-2011, también conocida como la Ley Uniforme de Confiscaciones, 34 LPRA sec. 1724, según enmendada, le confirió autoridad delegada a ciertas instrumentalidades del Estado Libre Asociado (en adelante, ELA) para confiscar bienes que son utilizados con fines ilícitos.[9]

Como parte de la disposición legal antes citada, en su Exposición de Motivos se destacan que: "entre tales disposiciones se encuentra el Artículo II, Sección 7 de nuestra Constitución, que reconoce el derecho a la vida, a la libertad y al disfrute de la propiedad. Además, establece que ninguna persona será privada de su libertad y propiedad sin un debido proceso de ley". [10] [...] *Universal Insurance Company v. Estado Libre Asociado de Puerto Rico*, 211 DPR 455 (2023). Sabido es que, como parte del proceso "entre éstos, como en cualquier otra reclamación civil, todo demandante tiene que poseer legitimación activa para incoar su reclamo".[11]

Por otro lado, hacemos hincapié en que del texto claro de la ley se desprende lo siguiente:

> En nuestra jurisdicción, la confiscación es una acción civil o *in rem*, distinta y separada de cualquier acción *in personam*. La confiscación que lleva a cabo el Estado se basa en la ficción legal de que la cosa es la ofensora primaria. El procedimiento in rem tiene existencia independiente del procedimiento penal de naturaleza *in personam*, y no queda afectado en modo alguno por éste. **Los procedimientos de confiscación civil pueden llevarse a cabo y culminarse antes de que se acuse, se declare culpable o se absuelva al acusado. Incluso, pueden llevarse aun cuando no se haya presentado ningún cargo.**[12]

---

[9] Exposición de Motivos, Ley Uniforme de Confiscaciones, 34 LPRA sec. 1724, Ley Núm.119-2011, según enmendada. (Énfasis suplido).

[10] *Id.*

[11] *Id.* a la pág. 5

[12] *Id.*

Como parte de las expresiones de nuestro Máximo Foro sobre las confiscaciones en *In Rem*, el Tribunal Supremo de Puerto Rico ha puntualizado que:

> Establecido lo anterior, reiteramos, que para que una confiscación *in rem* o civil sea procedente deben satisfacerse dos (2) requisitos primordiales. **Primeramente, debe existir prueba suficiente y preponderante de que se ha cometido un delito. Segundo, debe demostrarse que existe un nexo entre la comisión del delito y la propiedad confiscada.** Además, dada la naturaleza independiente de la acción civil de la confiscación, **esta puede instarse antes de que se presente una acción criminal o, incluso, antes de que se haya obtenido un veredicto de culpabilidad o absolución. Lo crítico, es que el Estado demuestre que la propiedad confiscada se utilizó en una actividad delictiva.**
> *Universal Insurance v. ELA,* supra, en la pág. 6. (Énfasis en el original).

Así las cosas, el Tribunal Supremo de Puerto Rico ha expresado que "**la ley dispone expresamente la determinación de la Asamblea Legislativa sobre la naturaleza del procedimiento de confiscación estatuido en Puerto Rico**. De esta manera, "se sostiene y reafirma la **naturaleza *in rem* de las confiscaciones, independiente de cualquier otra acción de naturaleza penal, administrativa o de cualquier otra naturaleza**". *Universal Insurance v. ELA,* supra, pág. 8. (Énfasis y subrayado en el original).

Continúa estableciendo nuestra Más Alta Curia que: "[...]Esto debido a que la acción civil se dirige contra la cosa en sí misma, en general, **la culpabilidad o inocencia del propietario es irrelevante en cuanto a la procedencia o no de la confiscación civil**". *Id.* en la pág. 8. (Énfasis y subrayado en el original).

Por otro lado, como parte del proceso de Confiscación, destacamos el artículo 8 de la Ley Núm. 119-2011, según enmendada,[13] dispone que:

> El proceso de confiscación **será uno civil dirigido contra los bienes e independiente de cualquier otro proceso de naturaleza penal,** civil o administrativa que se pueda llevar contra el dueño o el poseedor de los

---

[13] 34 LPRA sec. 1724e, (énfasis suplido).

bienes ocupados bajo las disposiciones de cualquier ley que autorice la confiscación de bienes por parte del Estado. Los procesos de confiscación bajo esta Ley podrán llevarse a cabo y culminarse antes de que se acuse, se declare culpable o absuelva al acusado. **Debido al carácter civil del proceso, la culpabilidad o inocencia del acusado no deberá tomarse en cuenta en el proceso de confiscación, solo deberá tomarse en cuenta la adjudicación de los hechos en sus méritos.** Lo determinante en este proceso será si el bien en cuestión fue utilizado en la comisión de un delito independientemente del resultado de la acción criminal o de alguna otra naturaleza.

Se dispone que, **no será de aplicación** en los procesos de confiscación, **la doctrina de Impedimento Colateral por Sentencia** en las siguientes instancias:

a) Cuando el acusado haya hecho alegación de culpabilidad;

b) cuando el acusado se someta a un programa de desvío;

c) cuando el acusado fallezca antes o en medio del proceso que se esté llevando a cabo contra su persona;

**d) en ausencia de alguna adjudicación expresa en otro proceso penal, civil o administrativo, que se celebre por los mismos hechos que dieron lugar a la confiscación, en la cual se determine que el bien confiscado no fue utilizado en la comisión de algún delito**; y

e) en cualquier otra instancia que no se cumplan con los requisitos de la doctrina.

A tenor con lo anterior, recientemente Nuestro Más Alto Foro expresó que:

La confiscación civil puede prevalecer aun cuando el Gobierno no haya presentado cargo alguno, **ya que lo determinante es si alguna actividad delictiva se ha cometido en el vehículo o mediante el uso del vehículo,** aunque no haya sido cometida por el poseedor o conductor del vehículo, es decir, independientemente de quién pudo cometer el acto delictivo.
[…]

Los procedimientos de confiscación civil pueden efectuarse aun cuando el gobierno no haya presentado ningún cargo. **El Art. 8 de la Ley de Confiscaciones, 34 LPRA sec. 1724e, expresamente dispone que el proceso de confiscación será independiente de cualquier otro procedimiento penal, civil o administrativo sobre los mismos hechos. Por consiguiente, la falta de presentación de cargos criminales por los hechos que motivaron la confiscación de la propiedad en cuestión no invalida automáticamente la acción confiscatoria.**

*Cooperativa de Seguros Múltiples de Puerto Rico y Oriental Bank v. Estado Libre Asociado de Puerto Rico*, 209 DPR 796, 799 (2022). (Negrilla suplida en el original).

Por su parte, en el artículo 9 de Ley Núm. 119-2011, supra, se destacan los bienes sujetos a confiscación:

**Estará sujeta a ser confiscada, a favor del Gobierno de Puerto Rico, toda propiedad que resulte**, sea producto o se utilice, **durante la comisión de delitos graves y de aquellos delitos menos graves** en los que por ley se autorice la confiscación, cuando tales delitos graves y menos graves se encuentren tipificados en el Código Penal de Puerto Rico, **en las leyes de sustancias controladas**, de armas y explosivos, en las leyes contra el crimen organizado, en las leyes de juegos prohibidos, bebidas alcohólicas, leyes fiscales, leyes contra la apropiación ilegal de vehículos, leyes de vehículos y tránsito y de embarcaciones; así como en otras leyes y en aquellos estatutos confiscatorios en los que por ley se autorice la confiscación. Toda propiedad que esté sujeta a una sentencia de confiscación que así lo autorice, será confiscada a favor del Gobierno de Puerto Rico.[14]

Resulta importante destacar que como parte del artículo 15, **Bienes Confiscados- Impugnación,** se enfatiza que [...] *"se presumirá la legalidad y corrección de la confiscación independientemente de cualquier otro caso penal*, administrativo o cualquier otro procedimiento relacionado a los mismos hechos. *El demandante tiene el peso de la prueba para derrotar la legalidad de la confiscación.* [...]".[15]

**D. La Regla 39.2 (c) de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2(c)**

El inciso C de la Regla 39.2 de las de Procedimiento Civil, supra, dispone expresamente que:

(c) Después que **la parte demandante haya terminado la presentación de su prueba, la parte demandada, sin renunciar al derecho de ofrecer prueba en caso de que la moción sea declarada "sin lugar", podrá solicitar la desestimación fundándose en que bajo los hechos hasta ese momento probados y la ley, la parte demandante no tiene derecho a la concesión de remedio alguno.** El tribunal podrá entonces determinar los hechos y dictar sentencia contra la parte demandante, o podrá negarse a dictar sentencia hasta que toda la prueba haya sido presentada. A menos que

---

[14] 34 LPRA sec. 1724f. (Énfasis suplido).
[15] 34 LPRA sec. 1724l. (Énfasis suplido).

el tribunal lo disponga de otro modo en su orden de desestimación, una desestimación bajo esta Regla 39.2 **y cualquier otra desestimación, excepto la que se haya dictado por falta de jurisdicción o por haber omitido acumular una parte indispensable, tienen el efecto de una adjudicación en los méritos**.
32 LPRA Ap. V. R. 39.2 (c). (Énfasis suplido).

En el caso normativo *Rivera Figueroa v. The Fuller Brush Co.*, supra, pág. 911, el Tribunal Supremo de Puerto Rico, estableció que:

**Si la parte contra la cual se establece la presunción no ofrece prueba para demostrar la inexistencia del hecho presumido, la juzgadora o el juzgador debe aceptar que el hecho existe**. Sin embargo, si se presenta prueba en apoyo de la inexistencia de tal hecho, ésta debe ser suficiente para persuadir a quien juzga que es más probable la inexistencia del hecho presumido que su existencia. Es decir, una vez activada la presunción ordenada por ley, la parte contra quien se emplea tiene el deber de presentar prueba para rebatir la presunción y dicha evidencia debe, además, persuadir al juzgador.

Pues sabido es que:

"[e]n una moción al amparo de la Regla 39.2(c), conocida como una *moción contra la prueba* o *non-suit*, el tribunal está autorizado, luego de que la parte demandante presente la prueba, a aquilatarla y a formular su apreciación de los hechos, según la credibilidad que le merezca la evidencia. Pero esa facultad se debe ejercitar después de un escrutinio sereno y cuidadoso de la prueba".
*Rivera Figueroa v. The Fuller Brush Co*, supra, pág. 916.

Tal como requiere la Regla 39.2, supra, en caso de duda, se debe requerir al demandado que presente su caso. En ese momento, corresponde al Tribunal determinar si la prueba que presentó la parte demandante es suficiente por sí misma para satisfacer los requisitos de su particular causa de acción.

De acuerdo con la Regla 39.2(c) de Procedimiento Civil de 2009, supra, la desestimación se da contra la prueba y la decisión del Tribunal dependerá de su apreciación de la evidencia presentada. Es norma conocida en nuestra jurisdicción que los tribunales apelativos no intervendremos con la apreciación que hagan de la prueba los foros de instancia en ausencia de pasión,

prejuicio, parcialidad o error manifiesto. *Rivera Figueroa v. The Fuller Brush Co,* supra, pág. 916.

**E. Honorarios por temeridad**

Por otro lado, la Regla 44.1 (d) de las de Procedimiento Civil, supra, regulan la concesión de costas y honorarios en un pleito. Veamos:

> En caso que cualquier parte o su abogado o abogada haya procedido con temeridad o frivolidad, **el tribunal deberá imponerle en su sentencia al o a la responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entienda correspondan a tal conducta.** En caso que el Estado Libre Asociado de Puerto Rico, sus municipios, agencias o dependencias haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia una suma por concepto de honorarios de abogado, excepto en los casos en que esté expresamente exento por ley del pago de honorarios de abogado.
>
> 32 LPRA Ap. V, R.44.1 (d). *González Ramos v. Pacheco Romero,* 209 DPR 138, 139 (2022)

Así las cosas, "**la determinación de si se ha incurrido o no en temeridad es una tarea que recae en la discreción sana del tribunal sentenciador y solo se intervendrá con ella en casos en los que se desprenda el abuso de tal facultad**". *González Ramos v. Pacheco Romero,* supra, pág. 141; *SLG Flores– Jiménez v. Colberg,* 173 DPR 843, 866 (2008). (Énfasis suplido)

El Tribunal Supremo de Puerto Rico ha manifestado que "la temeridad es aquella conducta que promueve un pleito que se pudo obviar, lo prolonga innecesariamente o que obliga a una parte a involucrarse en trámites evitables". *Maderas Tratadas v. Sun Alliance,* 185 DPR 880, 925 (2012).

**III.**

La parte apelante comparece ante esta Curia solicitando que revoquemos la *Sentencia* del TPI- Carolina por no estar conforme con la determinación del Foro Primario. La apelante Universal nos plantea dos (2) errores, que discutiremos a continuación.

## A. Desestimación por Insuficiencia de Prueba

Universal plantea ante este Tribunal que erró el Foro Primario al acoger en corte abierta, la moción de desestimación al amparo de la Regla 39.2 (c) presentada por el ELA, aun cuando dicha parte no presentó prueba alguna sobre la relación entre el vehículo confiscado y la comisión de un delito. *No le asiste la Razón.*

Se desprende en el Artículo 8 de la Ley Núm. 119-2011, según enmendada que: **"El proceso de confiscación será independiente de cualquier otro procedimiento penal, civil o administrativo sobre los mismos hechos".** (Énfasis suplido)

Por otro lado, según surge de la Solicitud de Sentencia Sumaria presentada por la parte apelante,[16] y de la Transcripción de la Vista en su Fondo, con fecha del 6 de diciembre de 2022, el Foro a *quo* determinó que la confiscación por parte del ELA había surgido por una violación al amparo de la Ley Núm. 22-2000, según enmendada y que cumplía con la presunción de corrección exigida por la Ley Núm. 119-2011, según enmendada.[17]

De la misma manera, el Foro Primario concluyó que: *"La prueba que ha presentado la parte demandante en este pleito lo que ha hecho es reproducir los argumentos que presentó en la Solicitud de Sentencia Sumaria".* [18] Continua el Juzgador de los Hechos, exponiendo en Corte Abierta: *"Sin embargo, su propio testigo en este pleito testificó que él intervino por una intervención a la Ley 22, específicamente por un viraje indebido y por rebasar una señal de PARE".*[19]

Sobre este particular, el Foro a *quo* añadió:

---

[16] Recurso de Apelación, Anejo 8, pág. 51-60.
[17] Transcripción Oral Vista en su Fondo, pág. 14, líneas 14-16.
[18] *Id.*, pág. 26, líneas 22-24, pág. 27 línea 1
[19] *Id.*, pág. 27, líneas 3-6.

"la prueba que presentó la parte demandante en este pleito no rebate la presunción de legalidad de la confiscación, **ni siquiera utilizó el testigo que ha presentado hoy para indagar sobre cuáles fueron los hallazgos de esa intervención, como se dio cuenta de que había picadura de marihuana** y otras sustancias en el vehículo, **que era la prueba que tenía que presentar en este procedimiento para rebatir la presunción de legalidad de confiscación**, que es objeto de este pleito. **Y, como dije, y lo que ha presentado la parte demandante en este pleito es meramente reproducir los argumentos que presentó en la Solicitud de Sentencia Sumaria que ya fue denegada por este Tribunal y fue confirmada por el Tribunal de Apelaciones**".[20]

De ordinario, la apreciación de la prueba no solo estuvo ante el juzgador de hechos, sino que también fue evaluado por un Panel Hermano de este Tribunal,[21] donde se determinó basado en la solicitud de Sentencia Sumaria, que no procedía una aplicación del resultado favorable en el caso penal y que no erró el TPI-Carolina al no aplicar la doctrina de cosa juzgada en su modalidad de impedimento colateral por Sentencia".[22]

Habida cuenta de que, entendemos que no medió pasión, prejuicio, parcialidad o error manifiesto, y que el criterio rector se basa en la razonabilidad, encontramos que no surge evidencia suficiente que pruebe las alegaciones de la parte apelante y rebata la presunción de legalidad que opera bajo una ley especial. Es decir, procedía la moción al amparo de la Regla 39.2 (c) presentada por el ELA. *No se cometió el error señalado.*

**B. Honorarios por Temeridad**

Por otro lado, hemos destacado que según la imposición de Honorarios por Temeridad descansa en la sana discreción del Foro Sentenciador. Tal como expresa la Regla 44.1 (d), y según la

---

[20] *Id.*, pág. 27, líneas 8-23. (Énfasis suplido).
[21] KLCE202000870
[22] Posteriormente esta controversia fue resuelta por el Tribunal Supremo de Puerto Rico en el caso: *Universal Insurance Company v. Estado Libre Asociado de Puerto Rico*, supra.

jurisprudencia interpretativa de este criterio: "la determinación de si se ha incurrido o no en temeridad es una tarea que recae en la discreción sana del tribunal sentenciador y solo se intervendrá con ella en casos en los que se desprenda el abuso de tal facultad". *González Ramos v. Pacheco Romero,* supra, pág. 141.

De la Transcripción Oral de la Vista en su Fondo se desprende que el TPI-Carolina evaluó y concluyó:

> "Incluso, también voy a evaluar con detenimiento si la parte demandante ha sido temeraria en la forma en que ha presentado esta prueba hoy, porque no han presentado una prueba distinta a la que ya fue declarada no ha lugar en la Solicitud de Sentencia Sumaria, lo que significa que no había mérito alguno para celebrar este juicio,[23] porque la parte demandante claramente no presentó prueba alguna que justifique las causas de acción instadas en este pleito; lo que me lleva a concluir que fue un pleito totalmente innecesario instado por la parte demandante". [24]

Al ser una actuación discrecional por parte del Foro Primario, y dentro del criterio de razonabilidad que impera en nuestra función revisora, encontramos que la determinación de temeridad emitida por el TPI-Carolina, estuvo dentro de su discreción. Entendemos que no hay prueba de un abuso por parte del Tribunal Sentenciador. *No se cometió el error señalado.*

## IV.

Luego de evaluar detenidamente el expediente que nos ocupa, justipreciamos que el Foro Primario no abusó de su discreción en la evaluación de la prueba ante sí. No hallamos sugerencia alguna en los documentos evaluados que indique error de derecho o abuso discrecional por parte del TPI-Carolina.

---

[23] *Id.,* pág. 28, línea 18-24.
[24] *Id.,* pág. 29, línea 1-5.

Por los fundamentos que anteceden, *confirmamos al TPI-Carolina en su "Sentencia" dictada.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Grana Martínez concurre mediante voto escrito y el Juez Rodríguez Flores concurre sin opinión escrita.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones

| UNIVERSAL INSURANCE COMPANY<br><br>Apelante<br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO<br><br>Apelado | KLAN202300290 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Civil Núm.: CA2019CV02596<br><br>Sobre: Impugnación de Confiscación |
|---|---|---|

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Rodríguez Flores y el Juez Pérez Ocasio.

## VOTO CONCURRENTE DE LA JUEZA GRANA MARTÍNEZ

El Tribunal de Apelaciones resolverá los recursos ante su consideración mediante una resolución o sentencia, la cual incluirá una exposición de los fundamentos que apoyen su determinación, y cuando la naturaleza del recurso lo requiera, incluirá una relación de hechos, una exposición y un análisis de los asuntos planteados, o las conclusiones de derecho. 4 LPRA Ap. XXII, R. 10.

Con relación a nuestra obligación como foro apelativo, el Tribunal Supremo de Puerto Rico ha resuelto que el mandato incluido no se satisface con simplemente exponer en una breve sentencia que estamos "convencidos que el tribunal a quo actuó correctamente al denegar la rebaja solicitada" o que simplemente indiquen de forma somera y superficial que los errores alegados no habían sido cometidos. H. A Sanchez Martínez, *Derecho Procesal Apelativo*, P.R., Lexis-Nexis, 2001, pág. 622-623; *Maldonado Bermúdez v. Maldonado González*, 141 DPR 19, 24-26 (1996); *Torres García v. Dávila Díaz y otros*, 140 DPR 83, 85 (1996).

De particular importancia es el análisis pertinente a las controversias presentadas, pues permite al Tribunal Supremo, en los casos en que se cuestione nuestro dictamen, conocer los



fundamentos precisos de nuestra determinación. *Maldonado Bermúdez v. Maldonado González,* supra.

Así las cosas, precisa destacar que, como norma general, no intervendremos con las determinaciones de hechos del foro primario en lo que respecta a la adjudicación de credibilidad, en ausencia de prejuicio, parcialidad, error manifiesto o abuso de discreción. *Gómez Márquez et al. v. El Oriental,* 203 DPR 783, 793 (2020). En cuanto a la acción de impugnación de confiscación, la acción confiscatoria por parte del Estado goza de una presunción de corrección y legalidad que tiene que ser derrotada por todo aquel que la impugna. 34 LPRA sec. 1724l.

El procedimiento de confiscación está regulado por la Ley Uniforme de Confiscaciones de 2011, Ley Núm. 119-2011, según enmendada, 34 LPRA sec. 1724 et. seq. (Ley 119-2011). Su política pública es la creación de mecanismos que faciliten y agilicen el proceso de confiscación de bienes muebles e inmuebles, además de velar por los derechos y reclamos de las personas afectadas. Véase, Exposición de Motivos de la Ley 119-2011. Esta legislación autoriza al Estado a ocupar y hacer suya toda propiedad que se utilice en la comisión de ciertos delitos graves y menos graves, incluso violaciones a la Ley de Sustancias Controladas. Se trata de una excepción al mandato constitucional que prohíbe tomar propiedad privada para fines públicos sin justa compensación. La confiscación de los bienes que propician la comisión de un delito puede ser un elemento disuasivo para el delincuente que, por temor a exponerse al peligro de perder su propiedad, limita su actividad delictiva o no le resulta tan fácil su realización. Además, se busca evitar que la propiedad se utilice para futuras actividades delictivas. *Coop. Seg. Múlt. v. E.L.A.,* 180 DPR 655, 663 (2011).

El proceso de confiscación tiene dos modalidades. La primera, de naturaleza puramente penal, es parte del proceso criminal,

dirigido contra el alegado autor del delito base que autoriza la confiscación. La segunda se define como un proceso civil en el que se va directamente contra la cosa a ser confiscada, separándolo procesalmente del encausamiento criminal contra el presunto autor del delito. A esta modalidad de la confiscación se le conoce como *in rem* y es la que está recogida en la Ley de Confiscaciones. *Coop. Seg. Múlt. v. E.L.A.*, supra, pág. 664. La confiscación es una acción civil *in rem* dirigida contra los bienes, e independiente de cualquier otro procedimiento de naturaleza penal, civil o administrativo, que se pueda llevar contra el dueño o poseedor de los bienes ocupados. Los bienes sujetos a confiscación son los utilizados o producto de la comisión de delitos graves y menos graves. Véase, Arts. 8 y 9 de la Ley 119-2011, 34 LPRA secs. 1724 (e) (f).

El Art. 15 de la Ley 119-2011 establece en lo pertinente que, se presumirá la legalidad y corrección de la confiscación independientemente de cualquier otro caso penal, administrativo o cualquier otro procedimiento relacionado a los mismos hechos. El demandante tiene el peso de la prueba para derrotar la legalidad de la confiscación. 34 LPRA sec. 1744l.



En el caso que nos ocupa, de la transcripción de la prueba oral se desprenden las manifestaciones del Agente Berríos Padilla a los efectos de haber intervenido con el señor Rodríguez Giménez al este realizar un viraje indebido y no obedecer la señal de "PARE", lo que constituye una violación a la Ley Núm. 22-2000.

Cabe resaltar que un panel hermano de este foro, en el recurso identificado como KLCE202000870, confirmó una determinación previa del foro recurrido. En dicha Sentencia de 28 de septiembre de 2021 se confirmaron los siguientes hechos, según decretados por el TPI, como no controvertidos. Estos son que:

1. El 15 de mayo de 2019, el agente de la Policía de Puerto Rico, Gerardo Berríos Padilla, Placa 29553, intervino con Ángel A. Rodríguez Giménez (Rodríguez

Giménez), quien conducía un vehículo de motor Toyota Yaris 2016 con tablilla IPC-348 (en adelante el Toyota) por presuntas infracciones a la Ley 22-2000 conocida como Ley de Vehículos y Tránsito de Puerto Rico.

2. Durante el registro del Toyota, la policía encontró y ocupó una bolsa de papel estraza conteniendo 24 galletas con aparente marihuana, una bolsita con cierre a presión con picadura de marihuana, una pipa de cristal multicolor con picadura quemada de marihuana y un vaporizador con líquido de marihuana. La prueba de campo que se le realizó a los artículos ocupados arrojó un resultado positivo a marihuana.

Un examen de la transcripción del juicio en su fondo, no refleja que el apelante presentara prueba capaz de rebatir la legalidad de la confiscación, más bien insistió en argumentar que la causa criminal instada en contra del conductor del vehículo, aquí en controversia, había sido desestimada al no encontrarse causa para juicio en vista preliminar. Esto, a pesar de que dicho asunto había sido atendido previamente en el KLCE202000870. En dicho caso, se concluyó; "[e]sta determinación de no causa probable para acusar al imputado no es una limitación para que el Estado, de forma separada, ejerza su derecho de confiscar algún bien conforme a la ley aplicable. Mucho menos implica que el vehículo confiscado en cuestión no estuvo involucrado en la comisión de algún delito. Por tanto, al haber una ausencia de esta adjudicación expresa en esta etapa, no procede la doctrina de impedimento colateral por sentencia de su faz."

Coincido con el apelado en que, al insistir en el mismo planteamiento, y no presentar prueba suficiente que rebatiera la legalidad de la confiscación realizada por el Estado, más aun habiendo sido advertido expresamente por el foro recurrido ante la alegación de que la controversia no había sido incluida en el Informe, la parte apelante actuó temerariamente ocasionando que el tribunal, el Estado y su cliente invirtieran tiempo e incurrieran en gastos para atender un asunto completamente inmeritorio. Era un

hecho ya determinado como incontrovertido, al momento del juicio, que el agente había intervenido con el apelante y había ocupado artículos que contenían marihuana. No he encontrado prueba alguna en el expediente que rebata la presunción de legalidad y corrección de la confiscación. El apelante no cuestionó al agente sobre la ocupación de la marihuana o la inspección del vehículo.

A la luz de lo antes señalado y, en ausencia de prejuicio, parcialidad, error manifiesto o abuso de discreción en la determinación recurrida, confirmaría la sentencia desestimatoria en su totalidad.

En San Juan, Puerto Rico a _8_ de febrero de 2024.

Grace M. Grana Martínez
Jueza del Tribunal de Apelaciones